<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CHAYA SCHWARCZ,<br><br>    *Plaintiff*,<br><br>v.<br><br>AMERICAN AIRLINES, INC.,<br><br>    *Defendant*. | Civil No.: 2:24-cv-8551 (KSH) (AME)<br><br><br><u>**OPINION**</u> |

<u>**Katharine S. Hayden, U.S.D.J.**</u>

**I.    Introduction**

Plaintiff Chaya Schwarcz ("Schwarcz") has brought this negligence and breach of contract action against American Airlines, Inc. ("American Airlines") that arises out of an incident on a nighttime flight on which she was a passenger.  Schwarcz filed her complaint on August 19, 2024 (D.E. 1) and American Airlines now moves to dismiss for failure to state a claim (D.E. 12).  For the reasons set forth below, the motion to dismiss is granted in part and denied in part, and the motion to strike paragraphs 21 through 25 of the complaint is denied.

**II.    Background**

The facts stated in Schwarcz's complaint are accepted as true for purposes of this motion and are construed in the light most favorable to her.

On August 26, 2022, Schwarcz and a friend were flying from Charlotte, North Carolina to Newark, New Jersey on American Airlines Flight 2718.  (D.E. 1, Compl. ¶¶ 10-11.)  Schwarcz was seated in the middle seat, her friend had the window seat, and the aisle seat was occupied by a man neither of them knew who was later identified as Lavelle Lameak Hester-Bey.  (*Id.* ¶ 11.)

1

Shortly after takeoff, the flight attendant dimmed the cabin lights and Schwarcz fell asleep. (*Id.* ¶ 12.) She awoke to Hester-Bey (hereafter referred to, consistent with the references by both parties in their papers, as the "Perpetrator") sexually assaulting her. (*Id.* ¶ 13.) According to the complaint, while she was asleep, the Perpetrator covered Schwarcz's and his laps with his black puffer jacket. (*Id.*) Schwarcz woke up as he forced her hand on his penis while he penetrated her vagina with his fingers. (*Id.*) In a state of shock, Schwarcz froze. (*Id.* ¶ 14.) Then he "attempted to further assault Schwarcz by climbing on top of her and attempting to penetrate her with his penis, which he was partially able to do." (*Id.* ¶ 15.) Schwarcz was able to push him away at that point, and he backed off. (*Id.* ¶ 16.)

At some point thereafter, the Perpetrator noticed a nearby flight attendant and asked if Schwarcz wanted water while forcibly holding her hand. (*Id.* ¶ 17.) Schwarcz was able to wake her friend up, who had slept unaware throughout the incident, and they left their seats and went to the front of the plane. (*Id.* ¶ 18.) Schwarcz reported the assault to a flight attendant, who moved her and her friend to different seats. (*Id.* ¶ 19.) Upon landing, the Perpetrator was escorted off the plane and reports were taken from Schwarcz and other witnesses. (*Id.* ¶ 20.) It is unknown what happened to him. (*Id.*)

Schwarcz sued American Airlines alleging claims of negligence (Count One), negligent infliction of emotional distress ("NIED") (Count Two), *res ipsa loquitur* (Count Three), and breach of contract (Count Four). (*Id.* ¶¶ 29-50.)

In lieu of answer, American Airlines moved to dismiss the complaint (D.E. 12), arguing that Schwarcz failed to sufficiently plead facts that the assault was reasonably foreseeable or that American Airlines breached its duty of care to her or proximately caused the assault. (*Id.* at 6-16.) Alternatively, American Airlines asserts that if the complaint is not dismissed, the Court

should strike Schwarcz's allegations in paragraphs 21 through 25 of the complaint, which provide information on FBI investigations of in-flight sexual assault within the past ten years. (*Id.* at 19.)  Schwarcz opposed, arguing her claims are adequately supported with the factual allegations presently known to her, which raise "a reasonable expectation that discovery will reveal evidence" supporting her claims. (D.E. 14, Opp., at 10.) American Airlines reiterated in reply that Schwarcz's allegations are conclusory and should be dismissed. (D.E. 18, Reply, at 1-2.)

### III.    Standard of Review

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citation and quotation marks omitted).  A pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That pleading standard does not require "detailed factual allegations," but requires the plaintiff to provide the "grounds" of her "entitle[ment] to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To determine the sufficiency of a complaint," a court's inquiry is routinely broken into three parts: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Elements of a claim are sufficiently alleged when the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim has "facial plausibility" when there is sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard does not impose "a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the claim. *Twombly*, 550 U.S. at 556. However, "labels and conclusions" and "formulaic recitations of the elements of a cause of action will not do," nor will "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citation modified) (quoting *Twombly*, 550 U.S. at 555, 557).

## IV. Discussion[1]

### A. Negligence Claims

To adequately plead a claim for negligence, a plaintiff must allege: "(1) that the defendant owed a duty of care; (2) that the defendant breached that duty; (3) actual and proximate causation; and (4) damages." *Fernandes v. DAR Dev. Corp.*, 222 N.J. 390, 403-04 (2015). Similarly, a NIED claim requires a plaintiff to plead "(1) a duty of reasonable care was owed by the defendant to the plaintiff, (2) that duty was breached, (3) the plaintiff suffered severe emotional distress, and (4) the breach was a proximate cause of injury." *G.D. v. Kenny*, 411 N.J. Super. 176, 195 (App. Div. 2009) (cleaned up), *aff'd*, 205 N.J. 275 (2011).

---

[1] "In this action brought in federal court in New Jersey on the basis of diversity jurisdiction, New Jersey state law supplies the substantive legal principles against which a party's entitlement to a judgment in its favor must be assessed." *Foodtown Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 412 F. App'x 502, 504 (3d Cir. 2011).

4

It is well-established that airlines, as common carriers, owe their passengers a "high duty of care." *Ricci v. Am. Airlines*, 226 N.J. Super. 377, 382 (App. Div. 1988).  This duty requires airlines to act with "the highest possible care consistent with the nature of the undertaking," including a "high degree of care for [a] passenger's safety." *Wright-Phillips v. United Airlines, Inc.*, 2021 WL 1221111, at *15 (D.N.J. Apr. 1, 2021) (McNulty, J.) (quoting *Ricci*, 226 N.J. Super. at 382).  It "can include the duty to protect passengers from injuries caused by others and, in some circumstances, to reasonably exercise control over third persons." *Id.*; *see Ricci*, 226 N.J. Super. at 382 (describing that common carriers must "provide for the safe passage of its patrons, and to protect them from reasonably foreseeable harm by fellow passengers and strangers"); *J.D. v. Price*, 569 F. Supp. 3d 266, 273 (W.D. Pa. 2021) ("Part of the care Delta owed to J.D. was to protect her safety while she was on the [f]light from the reasonably foreseeable assaults of other passengers.").

American Airlines does not dispute that as a common carrier it owed Schwarcz such a heightened duty of care.  (*See* D.E. 12, Mtn. to Dismiss, at 8.)  Rather, it argues that the sexual assault was not reasonably foreseeable such that its representatives knew or should have known of any potential danger to Schwarcz.  (*Id.* at 8-9.)  She responds that American Airlines knew or should have known about the risk to young women of sexual abuse on nighttime flights and cited public alerts issued by the Department of Justice as to these risks.  (D.E. 13, Opp., at 13-14.)  She alleges that American Airlines' acts or omissions on the flight created an unreasonable risk of injury, specifically in failing to monitor the cabin, failing to prevent the sexual assault, failing to promptly intervene, failing to train its employees, hiring incompetent flight staff, and dimming the cabin lights, and its breach caused her severe emotional distress and damages.  (*Id.* at 11-18.)

5

The Court finds that the facts in the complaint, accepted as true and construed in the light most favorable to Schwarcz, "raise a reasonable expectation that discovery will reveal evidence of" her negligence claims. *Twombly*, 550 U.S. at 556. She alleges that the Perpetrator was seated to her right in an aisle seat, which would have been in clear view of any American Airlines employee monitoring the aisle or providing in-flight services, which she also alleges occurred. (Compl. ¶¶ 11, 17.) She alleges that while she was sleeping, he placed his jacket over their laps and was forcibly moving his hand in her pants and putting her hand in his pants. (*Id.* ¶ 13.) She alleges after that initial assault, he "attempted to further assault Plaintiff by climbing on top of her and attempting to penetrate her with his penis, which he was partially able to do." (*Id.* ¶ 15.) After Schwarcz pushed him away, he noticed "a nearby flight attendant," and asked Schwarcz if she wanted water. (*Id.* ¶¶ 16-17.)

These facts are enough to suggest plausibly that the Perpetrator's actions—some discreet, some overt—were visible enough to alert American Airlines. What American Airlines employees did or did not observe, what their actions were throughout the flight, and whether those actions are consistent with their training, may be properly explored in discovery. But at this stage, Schwarcz's allegations that American Airlines' actions fell below the applicable standard of care are facially plausible. *See J.D.*, 569 F. Supp. 3d at 272-73 (finding the plaintiff's own allegations were enough to defeat Delta Airlines' motion for summary judgment in a similar context, even where Delta argued that no other evidence or testimony supported her claims post-discovery).

Although American Airlines alleges that Schwarcz has not adequately pled its acts or omissions proximately caused her injury, causation is routinely a factual issue for the jury. *Wright-Phillips*, 2021 WL 1221111, at *16 (citing *Scafidi v. Seiler*, 119 N.J. 93, 101 (1990)).

And as to Schwarcz's alleged damages, the Court accepts her allegations that as a result of the sexual assault she experienced "severe emotional distress, psychological trauma, . . . disruption to her personal and professional life, including lost time from work, a diminished capacity to perform her job duties, [and] out of pocket medical and other expenses." (Compl. ¶¶ 32-33.) These allegations are adequate to support her negligence and NIED claims at this stage.[2] *See Wright-Phillips*, 2021 WL 1221111, at *15 (citing *Jablonowska v. Suther*, 195 N.J. 91, 104 (2008)).

Thus, the Court finds that Schwarcz has adequately alleged negligence and NIED claims and denies American Airlines' motion to dismiss Counts One and Two. As to Schwarcz's claim at Count Three for *res ipsa loquitur*, both parties agree that this is not a cause of action, but a rule of evidence relevant to jury instructions. (*See* D.E. 12, Mtn. to Dismiss, at 17; D.E. 13, Opp., at 18-19.) The Court dismisses Count Three.

### B. Breach of Contract Claim

"To state a claim for breach of contract, a plaintiff must allege (1) a contract between the parties; (2) a breach of that contract; (3) damages flowing there from; and (4) that the party stating the claim performed its own contractual obligations." *Stadulis v. JetBlue Airways Corp.*, 2023 WL 8437280, at *7 (D.N.J. Dec. 5, 2023) (Shipp, J.) (quoting *Gordon v. United Cont'l*

---

[2] American Airlines states in its moving and reply briefs that "[e]mbedded in Plaintiff's general negligence claim is a claim alleging negligent training" and negligent hiring, which it argues should also be dismissed from the complaint. (D.E. 12, Mtn. to Dismiss, at 10-13; D.E. 18, Reply, at 3-5.) However, these claims are not offered as separate causes of actions but are listed as ways American Airlines potentially breached its duty of care to Schwarcz. (*See* Compl. ¶ 31.) In the cases American Airlines cites in support, it is clear that those plaintiffs specifically brought negligent training and/or hiring causes of actions, that those cases are in a different procedural posture than this case, or that the facts are not analogous. The Court finds those cases are thus distinguishable, and at this stage Schwarcz is entitled to explore facts to support these allegations in discovery.

*Holding, Inc.*, 73 F. Supp. 3d 472, 478 (D.N.J. 2014) (Wigenton, J.)); *see Murphy v. Implicito*, 392 N.J. Super. 245, 265 (App. Div. 2007). In such an action, the pleadings must also "specifically identify portions of the contract that were allegedly breached." *Coda v. Constellation Energy Power Choice, LLC*, 409 F. Supp. 3d 296, 303 (D.N.J. 2019) (Vazquez, J.) (quoting *Faistl v. Energy Plus Holdings, LLC*, 2012 WL 3835815, at *7 (D.N.J. Sept. 4, 2012) (Linares, J.)).

Schwarcz alleges that "[a]s a common carrier transporting passengers for a fee, Defendant contracted with its passengers, including Plaintiff, to provide reasonable safe and secure air transportation." (Compl. ¶ 47.) She alleges American Airlines "failed to perform pursuant to its contractual obligations, including express and implied warranties, and its contract for carriage," resulting in damages. (*Id.* ¶ 50.) American Airlines responds that Schwarcz does not "identify the contract or contracts, or any terms or provisions of those contracts, that American allegedly breached." (D.E. 12, Mtn. to Dismiss, at 18.) American Airlines alleges that it "did not expect Plaintiff to please [sic] evidence, buts [s]he is required to set forth plausible allegations that go beyond mere conclusion." (D.E. 18, Reply, at 7.)

The Court finds that paragraphs 47 through 50 of Schwarcz's complaint set forth conclusory allegations that the parties entered into a contract and that a breach occurred, without attaching the contract or delineating what provisions of the contract American Airlines actually breached to put it on notice of the claim. It appears that Schwarcz is attempting to use elements of her negligence action to argue such a contractual relationship exists (*see* Compl. ¶ 47 (alleging American Airlines "contracted" "to provide reasonable safe and secure air transportation"), *id.* ¶ 49 (alleging American Airlines has a duty to train its employees, which it breached)) which misses the mark of what is required to state a breach of contract claim. Schwarcz similarly does

8

not explain what the express or implied warranties American Airlines agreed to are, where they are found, or where the material terms of the alleged contract are laid out.

In this district, breach of contract actions against airlines commonly arise under allegations that the airlines owe the plaintiffs money or miles that may be redeemed for money. *See, e.g.*, *Gordon*, 73 F. Supp. 3d at 478-79 (finding that a contract existed in United's MileagePlus program rules, but that plaintiff could not show breach where United's actions comported with the program rules); *Chalom v. United Airlines*, 2022 WL 1284720, at *5-6 (D.N.J. Apr. 27, 2022) (Shwartz, J.) (same); *Stadulis*, 2023 WL 8437280, at *7-8 (claim for breach of JetBlue's contract of carriage failed where JetBlue's actions comported with the parties' agreement). The transactional nature of those breach of contract actions is obvious, and those plaintiffs specifically disclosed the contracts that they alleged were breached.

Here, Schwarcz's present attempt to conflate her tort action with one for breach of contract is duplicative and futile. *See Hunter v. Deutsche Lufthansa AG*, 863 F. Supp. 2d 190, 212 (E.D.N.Y. 2012) ("Because the grounds for plaintiff's complaint more appropriately sound in negligence, not contract, and are merely duplicative of plaintiff's negligence action, defendants' motions to dismiss are granted.") (citation modified). The Court grants American Airlines' motion to dismiss Count Four.

### C. Motion to Strike

American Airlines asks the Court to strike paragraphs 21 through 25 of Schwarcz's complaint pursuant to Fed. R. Civ. P. 12(f), alleging these paragraphs "have no relation to the subject matter of the case, are unduly prejudicial, would confuse the issues, [and] are immaterial, impertinent, disparaging, and misleading." (D.E. 12, Mtn. to Dismiss, at 19.)

Under Fed. R. Civ. P. 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." In this district, "motions to strike under Rule 12(f) are highly disfavored" and will generally be denied "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Bello v. United Pan Am Fin. Corp.*, 2024 WL 2354449, at *2 (D.N.J. May 23, 2024) (O'Hearn, J.) (first quoting *F.T.C. v. Hope Now Modifications, LLC*, 2011 WL 883202, at *2 (D.N.J. Mar. 10, 2011) (Simandle, J.); and then quoting *U.S. v. Boston Sci. Neuromodulation Corp.*, 2014 WL 4402118, at *3 (D.N.J. Sept. 4, 2014) (Wigenton, J.)). "[A]ny doubt as to whether striking a pleading is appropriate should be resolved in favor of the pleading." *Id.* (citation and quotation marks omitted).

Paragraphs 21 through 25 of Schwarcz's complaint recite FBI reports and investigations about the rising number of sexual assaults during commercial flights over the past ten years. (Compl. ¶¶ 21-25.) The Court is content that this clearly relates to the subject matter of this case. Prejudice and confusion are harms more properly addressed in the context of admissible evidence, and American Airlines' other objections are lifted from the language of Rule 12(f) and are conclusory. The Court denies its motion to strike.

### V.     Conclusion

For the foregoing reasons, American Airlines' motion to dismiss is granted in part and denied in part, and its motion to strike is denied. An appropriate order accompanies this opinion.

Dated: June 17, 2025                                          */s/ Katharine S. Hayden*
                                                              Katharine S. Hayden, U.S.D.J.